OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Following the seizure of methaqualone tablets, more than two pounds of cocaine, narcotics paraphernalia, and a gun and ammunition from a luxury apartment leased by defendant and his girlfriend, defendant was convicted by a jury of criminal possession of a controlled substance in the first and seventh degrees, criminal use of drug paraphernalia in the second degree and criminal possession of a weapon in the fourth degree. The Appellate Division affirmed, without opinion.
On this appeal defendant, who had left for Puerto Rico the day before the contraband was found, claims that the evidence was insufficient to establish that he possessed the items seized from the apartment. We conclude that the requisite standard of proof was satisfied in this circumstantial evidence case (see, People v Giuliano, 65 NY2d 766, 767-768). Among other things the proof showed that defendant, a habitual cocaine user, was a named tenant on the apartment lease *679 in which the contraband was found; the doorman saw him 25-30 times in the month of the seizure; he had keys to the apartment; he left the apartment the morning of the seizure carrying a suitcase and leaving behind his safe, gun and other effects; when he arrived at a hotel in Puerto Rico he gave the apartment address as his home and called the doorman to ask if the marshal (who executed an eviction warrant) had "found anything.” Defendant urges, as he did below, that the drugs belonged to others using the apartment. However, circumstances such as those found here can provide a sufficient basis for a trier of fact to conclude that a defendant is guilty of constructive possession of contraband found within the apartment, though a defendant may be absent from the apartment under his or her dominion and control, or others have use of it (People v Robertson, 48 NY2d 993; People v Diaz, 34 NY2d 689). Moreover, possession, even if joint, is still possession (People v Tirado, 38 NY2d 955). The evidence linking defendant to the apartment and to the contraband sufficiently supported the verdict.
Defendant’s contention that the initial and supplemental jury instructions regarding constructive possession were erroneous — to the extent the alleged errors are preserved for our review — are without basis. While defendant urges that the constructive possession charge contained in 1 CJI (NY) 9.70 p 539 should have been given instead of the court’s instructions here, he points to no material departure which was the subject of an objection at trial. Defendant’s remaining contentions, to the extent preserved for review, are without merit.
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur.
Order affirmed in a memorandum.