■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v GLORIA VASQUEZ, Respondent.—Appeal by the People from an order of the Supreme Court, Kings County (Douglass, J.), entered February 10, 1987, which, pursuant to CPL 290.10 (1), set aside a jury verdict convicting the defendant of criminal possession of a controlled substance in the first degree (two counts), criminal possession of a controlled substance in the third degree (seven counts), criminal possession of a controlled substance in the fourth degree, criminal possession of a controlled substance in the seventh degree (seven counts), unlawful possession of marihuana, and criminally using drug paraphernalia in the second degree (six counts), and dismissed the indictment.

Ordered that the order is reversed, on the law and the facts, the indictment and verdict are reinstated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings.

When the police executed a search warrant on apartment 1-R, 289 Harman Street, Brooklyn, on January 8, 1985, they found a narcotics "factory", albeit not in operation at the time. They found a coffee grinder used for the processing of cocaine and containing a residue of cocaine; two scales; a large spoon and two strainers, each containing a residue of cocaine; fifteen bottles of lactose, commonly used as a dilutant of narcotics; several plastic bags of cocaine weighing more than one pound and over 80% in purity; a plastic bag of heroin; a bag of marihuana; 377 foil wrapped packets of cocaine; a box of foil cut into squares; more than 12,000 glassine envelopes

containing heroin; 36 boxes of glassine envelopes stamped with "trade names"; rubber stamps, stamp pads and stamp pad ink; and approximately $150,000 in cash, principally in $10 and $20 bills. At the time the police effected entry, Martinez and Melendez, two codefendants, were flushing cocaine down the toilet.

The defendant, two of her children and the codefendant Alvarez were seated on a couch in the living room. The codefendant Vega was sitting on a chair nearby. The cocaine-tainted coffee grinder and a commercial-size roll of aluminum foil were on a snack table by the couch. Among other papers found in the living room were two identification cards made out to the defendant: one from the Puerto Rico Elections Commission and one from the New York City Department of Social Services. There was also a document from the Human Resources Administration bearing the defendant's name and listing her address as 289 Harman Street. Testimony was received that this form had been completed on November 27, 1984, when the defendant had applied for public assistance. On that date the defendant had given 289 Harman Street as her address. Women's and children's clothing were found in the front bedroom where the bulk of the narcotics were found. Although there was no testimony as to the ownership of this clothing, the defendant admitted that her children's clothing was in the apartment. The defendant had a key for the apartment. She gave that apartment as her address upon her arrest and also to the representative of the Criminal Justice Agency when she was awaiting arraignment.

In testifying in her own behalf, the defendant claimed that she and her children had been living with her sister, but had moved out after a dispute. She said that they had slept for two nights in a park and that an older daughter had suggested that she stay in the apartment, which apparently had been occupied in the past by her son. It was the defendant's contention that she had only been in the apartment one day before the raid.

The defendant's motion to dismiss at the end of the People's case for legal insufficiency (CPL 290.10) was denied by the trial court. This motion was renewed at the end of the entire case and the trial court reserved decision. Following the return of a verdict of guilty on all counts, the trial court granted the defendant's motion for a trial order of dismissal pursuant to CPL 290.10 (1) on the ground that the evidence was not legally sufficient to establish the offenses.

Each of the 24 counts in this indictment charged the defen-

dants with possession of illegal narcotics or narcotics paraphernalia. Since none of the narcotics or narcotics paraphernalia was found on the person of any of the defendants, the prosecution's case was based upon constructive possession. It is significant that the jury returned its verdict shortly after hearing a rereading of the court's charge on constructive possession.

In deciding a motion for a trial order of dismissal under CPL 290.10 (1), the trial court must limit its review solely to legal sufficiency as defined in CPL 70.10 (1). In this process the court must view the evidence in the light most favorable to the People *(People v Contes,* 60 NY2d 620) and all questions as to the quality or weight of the evidence should be deferred *(People v Sabella,* 35 NY2d 158).

We find that the evidence presented by the People on their case-in-chief was legally sufficient to establish constructive possession of the substantial quantities of narcotics and paraphernalia found in the apartment. The defendant was found there with her children; clothing belonging to her and her children was there; private papers belonging to her were there; she had a key to the apartment; she had given that apartment as her address when applying for welfare two months earlier; and she gave that apartment as her address to the police and the Criminal Justice Agency. This evidence clearly indicates such a degree of dominion and control over the apartment as to support charges of possession of the contraband found therein *(see, People v Torres,* 68 NY2d 677). In *Torres,* similar evidence was considered legally sufficient to support a conviction for possession of narcotics even though the defendant was in Puerto Rico at the time his apartment in Manhattan was raided.

It is true that the defendant attempted to negate these strong inferences of dominion and control by her testimony and the testimony of her witnesses. The defendant sought to explain away her statements to the Human Resources Administration two months earlier and the presence of her children and their belongings in the apartment as being very recent and transitory. To this extent, she created issues of credibility and weight which were properly within the domain of the jury *(People v McCrimmon,* 131 AD2d 598, *lv dismissed* 70 NY2d 714; *People v Hooper,* 112 AD2d 317). It is obvious from the verdict that the jury resolved these issues against the defendant.

The trial court properly found the evidence legally sufficient

at the end of the People's case, but then found it was not legally sufficient at the end of the entire case. The only possible explanation for this complete reversal of position is that the trial court usurped the jury's function and decided the factual issues raised by the defense testimony in favor of the defendant, contrary to the decision of the jury. In effect, the Trial Judge decided that guilt was not proven beyond a reasonable doubt. This the Trial Judge could not do in deciding a motion under CPL 290.10 (1) *(see, Matter of Holtzman v Bonomo,* 93 AD2d 574). Such a decision may be made only by the jury or by this court (CPL 470.15 [5]).

In granting the motion, the trial court placed considerable reliance on *United States v Soto* (716 F2d 989). We believe that such reliance was misplaced. The scope of review of a Circuit Court of Appeals is far broader than that of a trial court deciding a motion for a trial order of dismissal. The Circuit Court was entitled to consider questions of credibility and weight. The charges in *Soto* involved conspiracy rather than simple possession. Furthermore, in that case there was a stipulation that the defendant had come to the apartment from Puerto Rico only a few weeks before and that she had no connection with the tenant of the apartment.

Since, in our view, the trial court exceeded its limited right to review the evidence under CPL 290.10 (1), and the evidence was legally sufficient to sustain the charges of possession of narcotics and paraphernalia, reversal and reinstatement of the jury's verdict is warranted. Mangano, J. P., Rubin and Sullivan, JJ., concur.

Brown, J., dissents and votes to affirm, with the following memorandum in which Lawrence, J., concurs: I agree with the trial court that the evidence presented in this case was legally insufficient to establish that the defendant was in constructive possession of the drugs and other contraband seized in this case.

The standard to be applied in deciding a motion for a trial order of dismissal is whether the evidence, viewed in the light most favorable to the People, is legally sufficient to support a conviction (CPL 290.10 [1] [a]; 70.10 [1]; *People v Marin,* 102 AD2d 14, *affd* 65 NY2d 741). In this case, which is based solely upon circumstantial evidence of constructive possession *(see, People v Torres,* 68 NY2d 677), the test of legal sufficiency is a more stringent one and requires that the court, while still viewing the evidence in the light most favorable to the People and giving them the benefit of every reasonable inference to be drawn therefrom *(see, People v Way,* 59 NY2d 361), must

determine whether the facts from which the inference of guilt is to be drawn are inconsistent with innocence and exclude to a moral certainty every reasonable hypothesis of innocence *(see, People v Giuliano,* 65 NY2d 766; *People v Marin, supra).*

The mere presence of the defendant, a 43-year-old woman with no prior criminal record, in an apartment where contraband was seized was insufficient, without more, to establish the intent to exercise dominion and control over such contraband necessary to establish constructive possession *(see, People v Reyes,* 126 AD2d 681; *People v Ortiz,* 126 AD2d 677). And, I submit, the other evidence presented by the prosecution was not inconsistent with innocence and did not exclude to a moral certainty every reasonable hypothesis of innocence.

The totality of the evidence indicates that the defendant took up residence in the apartment with her two young children after having been evicted from her former apartment and having had to sleep in a park for two nights with her children in the dead of winter. The evidence does not establish sufficient dominion and control by the defendant over the premises nor involvement in the activities carried on therein to charge her with constructive possession of the contraband recovered. The facts proven are as consistent with the defendant's innocence as they are with her guilt and, therefore, do not legally establish her guilt with sufficient certainty *(People v Way, supra).*

This case is analogous in many respects to *United States v Soto* (716 F2d 989), cited by the Trial Judge, in which the United States Court of Appeals for the Second Circuit reversed, on the ground of legally insufficient evidence, the conviction of a woman in similar circumstances on drug conspiracy charges. The defendant in *Soto* was a woman who, upon her arrival in New York from Puerto Rico with her young children, had taken up residence in an apartment in The Bronx which was used as a drug factory. She was present in the apartment three weeks later when it was raided by agents of the Drug Enforcement Administration. In reversing the conviction, the court found that the woman's presence in the apartment, even with knowledge of the criminal activity, was insufficient to convict her of the charges "[a]bsent some showing of purposeful behavior tending to connect [her] with the acquisition, concealment, importation, use or sale of drugs or firearms" (716 F2d, *supra,* at 991-992).

The case at bar bears little resemblance to *People v Torres* (68 NY2d 677, 679, *supra),* cited by the majority, in which the

defendant was the named tenant on the lease of the luxury apartment where the contraband was found, had been seen by the doorman in the building 25 to 30 times during the month in which the seizure took place, had departed the apartment the morning of the seizure with a suitcase, leaving all of his other effects behind, had given the apartment as his address when he checked into a hotel in Puerto Rico that day and had called the doorman later and inquired if a marshal who had executed an eviction warrant had "found anything".

In sum, I conclude that the trial court properly determined, after hearing all of the evidence (CPL 290.10 [1]), that the People had failed to prove by legally sufficient evidence that the defendant was in constructive possession of the contraband. *[See,* 133 Misc 2d 442.]