■ The People of the State of New York, Respondent, v James Luper, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant appeals from a conviction, following a jury trial, of criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06), two counts of criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03), criminal possession of stolen property in the third degree (Penal Law § 165.40) and unlawful possession of marihuana (Penal Law § 221.05). These convictions were the result of evidence received pursuant to a search warrant. Defendant contends that the People's proof was insufficient to establish his dominion and control over the controlled substances. Viewing the evidence, as we must, in the light most favorable to the People and drawing all reasonable inferences in the People's favor *(People v Ford,* 66 NY2d 428, 437), we find the proof was sufficient to provide a rational trier of fact a valid line of reasoning to support these convictions *(People v Bleakley,* 69 NY2d 490, 495). Defendant owned the searched premises, had unlimited access, and was observed entering the premises approximately 12 times in the three weeks the apartment was under surveillance. Further, numerous personal papers of defendant, along with his firefighting uniform, were found during the search. Defendant also admitted to the police that he used marihuana and PCP, both of which were seized pursuant to the warrant, and that he knew of the existence in the apartment of another large jar containing

Tylenol and codeine. Additionally, the PCP was discovered in a prescription bottle dated March 11, 1986 bearing defendant's name and address. Although other individuals had access to these premises, the proof establishing defendant's dominion and control sufficiently linked defendant to the apartment and the contraband to support the verdict *(People v Torres,* 68 NY2d 677; *People v Robertson,* 48 NY2d 993; *People v Lopez,* 112 AD2d 739).

We have reviewed defendant's remaining contentions and find them to be without merit. (Appeal from judgment of Erie County Court, Lo Manto, J.—criminal possession of stolen property, third degree.) Present—Denman, J. P., Boomer, Balio, Lawton and Davis, JJ.