■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALLACE ROWELL, Appellant.—Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of criminal possession of a controlled substance in the third and seventh degrees, defendant argues that the proof of constructive possession was legally insufficient. We find, in this wholly circumstantial evidence case, that the People proved beyond a reasonable doubt that defendant knowingly possessed the drugs, excluding to a moral certainty every other reasonable hypothesis (Penal Law § 220.16 [12]; § 220.03; see, People v Kennedy, 47 NY2d 196, 202, rearg dismissed 48 NY2d 635; People v Johnson, 101 AD2d 684). The drugs were found in a locked filing cabinet and defendant had the key to the cabinet on his person. The two persons in the garage when the police arrived, as well as a third person with access to the garage, testified that they did not possess a key to the cabinet,

and Detective Humphrey testified that none of the keys hanging on the pegboard off the main floor fit the filing cabinet lock. We find the evidence sufficient to show the drugs were under defendant's dominion and control even though others had access to the premises (see, People v Torres, 68 NY2d 677; People v Robertson, 48 NY2d 993; People v Luper, 144 AD2d 1009, lv denied 73 NY2d 788). We also find that the court's charge on constructive possession was correct because possession, even if joint, nonetheless is possession (see, People v Torres, supra). Defendant abandoned his motion to suppress the fruits of the search warrant, thereby waiving the right to challenge the validity of the search warrant (see generally, People v Gustafson, 110 AD2d 1055). (Appeal from judgment of Niagara County Court, Hannigan, J.—criminal possession of controlled substance, third degree.) Present—Boomer, J. P., Green, Pine, Davis and Lowery, JJ.