■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDY FULLER, Appellant.—Judgment unanimously affirmed. Memorandum: Following a bench trial, defendant was con-

victed of two counts of criminal possession of a controlled substance in the third degree under subdivisions (1) and (12) of Penal Law § 220.16. He argues on appeal that he was improperly convicted under subdivision (12) because the evidence was insufficient to establish his dominion and control over the controlled substances, and that he was improperly convicted under subdivision (1) because the evidence was insufficient to establish his intent to sell narcotics. We reject both arguments.

On January 14, 1988, defendant, two of his sons, his daughter and one Tracy Kelly were found inside an apartment when the police, executing a no-knock search warrant, conducted a search of the premises. Upon entering the apartment, the police saw defendant and his sons in the kitchen. An officer observed defendant toss a key pouch into a nearby garbage can. Inside the key pouch were 26 glassine envelopes containing heroin and four glassine envelopes containing cocaine. Two more glassine envelopes containing cocaine were found in defendant's wallet. All of the envelopes containing heroin were stamped in red with the word "Obsession". In a bedroom adjacent to the kitchen, the police found 276 glassine envelopes containing heroin, 249 of which bore an identical "Obsession" stamp. Also recovered in the bedroom were 73 glassine envelopes containing cocaine, a large number of empty glassine envelopes, a "rock" of cocaine, $1,026 in cash, as well as scale, grate, and sifter.

Defendant's daughter and Tracy Kelly were observed in the living room, where the police recovered 47 glassine envelopes stamped with the word "Obsession" and containing heroin.

To establish that defendant constructively possessed the drugs found in the bedroom, the People were required to show that defendant exercised dominion and control over the apartment or, at least, over the area in which such drugs were found (see, Penal Law § 10.00 [8]; *People v Watson,* 56 NY2d 632; *People v Simon,* 107 AD2d 196, 197). Control of the premises gives rise to an inference of knowing and unlawful possession (*People v Reisman,* 29 NY2d 278, *cert denied* 405 US 1041), and mere access by other persons is insufficient to defeat a charge of constructive possession (*People v Luper,* 144 AD2d 1009, *lv denied* 73 NY2d 788; *People v Sacco,* 64 AD2d 324, 328; *People v Schriber,* 34 AD2d 852, 853, *affd* 29 NY2d 780).

Here, viewing the evidence, as we must, in the light most favorable to the People, and drawing all reasonable inferences in the People's favor (see, *People v Ford,* 66 NY2d 428, 437),

we find the proof sufficient to provide a rational trier of fact with a valid line of reasoning to support the convictions *(People v Bleakley,* 69 NY2d 490, 495). The evidence affirmatively demonstrated that neither Tracy Kelly nor any of defendant's three children, all of whom were found inside the locked apartment at the time of the search, resided in the apartment. Defendant's son Bruce testified that even though he had not seen or spoken to defendant earlier that day, he went to the apartment to see his father and that he had visited the apartment on previous occasions during January 1988 for the purpose of seeing his father. Bruce Fuller also testified that he knew which of three outside buzzers he was to press in order to gain entry to the apartment where he expected to find defendant. It is also significant that many of defendant's personal papers were recovered from the bedroom by the police.

In our view, such evidence is sufficient to establish that defendant constructively possessed the controlled substances seized from the bedroom. Indeed, a rational conclusion to be drawn from all of the evidence is that defendant operated a drug distribution center from the apartment. Since the aggregate weight of the narcotics seized from the kitchen and bedroom far exceeded the statutory amount necessary to sustain defendant's conviction under Penal Law § 220.16 (12), we find that the evidence is sufficient to sustain the conviction.

We also find that defendant's intent to sell may be inferred from his possession of large quantities of narcotics packaged and marked for distribution, his possession of drug paraphernalia, and his possession of large sums of unexplained cash *(see, United States v LaGuardia,* 774 F2d 317; *see also, People v Timmons,* 127 AD2d 806, *lv denied* 69 NY2d 1010). (Appeal from judgment of Monroe County Court, Egan, J.—criminal possession of controlled substance, third degree.) Present—Dillon, P. J., Callahan, Boomer, Green and Lawton, JJ.