■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILFORD CAMPBELL, Appellant.—Judgment unanimously affirmed. Memorandum: Challenging his conviction for second degree conspiracy, defendant contends that the People's proof was legally insufficient to prove that he entered into an illicit agreement to sell cocaine. Viewed in the light most favorable to the People, we conclude that the evidence established that, on a number of occasions, defendant and codefendant traveled to New York City to purchase drugs to sell from a residence in Niagara Falls; that defendant, codefendant, and others acting on their behalf sold drugs from that residence; and that defendant received a portion of the proceeds from those sales. That evidence was sufficient to warrant the inference that defendant entered into an agreement with others to sell cocaine, thus supporting his conviction for conspiracy in the second degree *(see, People v Givens,* 181 AD2d 1031, *lv denied* 79 NY2d 1049; *see also, People v Weaver,* 157 AD2d 983, 984-985, *lv denied* 76 NY2d 744).

We further conclude that the People's proof adequately established defendant's joint and constructive possession of the drugs seized at the Niagara Falls residence, thus supporting his conviction of criminal possession of a controlled substance in the third degree *(see, People v Torres,* 68 NY2d 677; *People v Tirado,* 38 NY2d 955; *People v Rowell,* 163 AD2d 833, *lv denied* 76 NY2d 896). Additionally, sufficient corroboration was provided by testimony concerning the activities at the Niagara Falls residence, defendant's trips to New York City with codefendant, defendant's possession of 50 clear small plastic bags like those seized at the residence, defendant's residing at the house and his presence when it was raided, and the telephone calls from that residence to the Brooklyn apartment belonging to an individual known as "Tarzan" *(see,* CPL 60.22; *People v Bolden,* 161 AD2d 1126, *lv denied* 76 NY2d 853; *People v Comfort,* 151 AD2d 1019, 1020-1021, *lv denied* 74 NY2d 807).

We have reviewed defendant's remaining contentions and

find them to be without merit. (Appeal from Judgment of Niagara County Court, DiFlorio, J.—Conspiracy, 2nd Degree.) Present—Denman, P. J., Balio, Lawton, Fallon and Davis, JJ.