■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY ELLIS, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted of murder in the second degree in the death of Kathleen Harvey in 1984. Defendant and a companion were seen in the company of the victim at the Riverside Grill in Baldwinsville on August 24, 1984. Defendant was observed dancing with and kissing her. The victim was never seen alive after leaving the bar in the early afternoon. In September 1988, her skeletal remains were recovered in a deserted area about five miles outside of Port Byron. On the day of the victim's disappearance, defendant was observed in the Crow's Nest, a bar in Port Byron, between four and five P.M. Defendant was not charged with murder in the second degree until 1990, when Kevin Ellis, a distant relative of defendant, informed the police that defendant had admitted to him that he had beaten, raped, and stabbed the victim and left her body in the spot where it was recovered. A forensic anthropologist testified at trial that the victim died from stab wounds to the neck.

Defendant's statements were admitted at trial. When defendant was first questioned after the victim's disappearance, he admitted that he saw her in the Riverside Grill in Baldwinsville, but denied any further involvement with her. The next time he was questioned, defendant admitted that he left the bar with the victim, intending to have sex with her, but after discovering that she did not live alone, dropped her off about a block from the bar. Defendant told the bartender at the Crow's Nest, however, that he picked up a "chick" in the Riverside Grill and dropped her off between Baldwinsville and Port Byron.

We find the evidence to be legally sufficient to support the conviction. Although the credibility of Kevin Ellis was impeached by evidence that he was a paid police informant and a manic-depressive with a lengthy criminal history, we cannot conclude that his testimony was incredible as a matter of law (see, People v Stroman, 83 AD2d 370, 372-373). His testimony concerning defendant's admissions, coupled with the circumstantial evidence, was sufficient to support the conviction. Nor

was the verdict against the weight of the evidence. Because Kevin Ellis' testimony was impeached, a different finding would not have been unreasonable. The jury, however, chose to credit his testimony, and matters of credibility are best left to the trier of the facts. Consequently, we cannot conclude that the jury failed to give the evidence the weight it should be accorded *(see, People v Bleakley,* 69 NY2d 490).

Although several of the prosecutor's remarks on summation were improper in that they denigrated the defense, were inflammatory, and vouched for the credibility of the People's witnesses *(see, People v Roman,* 150 AD2d 252, 257, *rearg granted and order and mem vacated on other grounds* 153 AD2d 812; *People v Widger,* 126 AD2d 962, *lv denied* 69 NY2d 1011; *People v Rubin,* 101 AD2d 71), we find that the prosecutor did not engage in a pervasive pattern of misconduct sufficient to deny defendant due process of law *(see, People v Curley,* 159 AD2d 969, 970, *lv denied* 76 NY2d 733; *People v Mott,* 94 AD2d 415, 419).

Defendant contends that he was deprived of *Rosario* material *(see, People v Rosario,* 9 NY2d 286, *rearg denied* 9 NY2d 908, *cert denied* 368 US 866, *rearg denied* 14 NY2d 876, 15 NY2d 765) because the District Attorney failed to turn over the entire file on the police investigation into the victim's disappearance. We disagree. The prosecutor represented to the court that all statements relevant to the trial testimony of police witnesses had been turned over to defense counsel. The court reviewed the prosecutor's file in camera and concluded that all *Rosario* material had been given to defendant. That procedure was proper *(see, People v Poole,* 48 NY2d 144). We have examined the remaining issues raised by defendant and find them to be lacking in merit. (Appeal from Judgment of Cayuga County Court, Corning, J.—Murder, 2nd Degree.) Present—Callahan, J. P., Green, Balio, Fallon and Doerr, JJ.