■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ILIAS STRINGOS, Appellant. [604 NYS2d 161] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Posner, J.), rendered November 25, 1992, as amended January 26, 1993, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a hypodermic instrument, and unlawful possession of marihuana, upon a jury verdict, and imposing sentence.

Ordered that the judgment, as amended, is affirmed.

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review *(see, People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

At trial, the defendant presented an agency defense to the charge of criminal sale of a controlled substance. He now contends that the People failed to disprove this defense beyond a reasonable doubt. As the evidence with respect to this defense presented an issue of credibility for the jury, its determination is entitled to great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86; *see also, People v Scott,* 134 AD2d 379). Moreover, contrary to the defendant's contention, the evidence of his dominion and control over the automobile where marihuana and drug paraphernalia were found was sufficient to establish his constructive possession of those items *(see, People v Manini,* 79 NY2d 561, 573; Penal Law § 10.00 [8]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the

weight of the evidence (CPL 470.15 [5]). Sullivan, J. P., Lawrence, O'Brien and Santucci, JJ., concur.