■ **THE PEOPLE OF THE STATE OF NEW YORK**, Respondent, v **LOUIS POWERS**, Appellant. [610 NYS2d 918] —Judgment unanimously affirmed. Memorandum: We reject the contention that the verdict is against the weight of the evidence. The jury was entitled to credit complainant's version of the incident over defendant's *(see, People v Bleakley,* 69 NY2d 490, 495). We find the sentence imposed neither harsh nor excessive. The issue raised by defendant *pro se* is lacking in merit. (Appeal from Judgment of Supreme Court, Erie County, Doyle, Jr., J.— Burglary, 1st Degree.) Present—Denman, P. J., Pine, Fallon, Callahan and Davis, JJ.

■ **THE PEOPLE OF THE STATE OF NEW YORK**, Respondent, v **JOHN MCQUILLER**, Appellant. [609 NYS2d 490] —Judgment unanimously affirmed. Memorandum: Supreme Court properly denied defendant's motion to preclude identification testimony of the police officer who identified defendant from a group of mug shots. The photo identification procedure took place three days after the officer participated in an undercover operation to purchase narcotics. The notice requirement of CPL 710.30 is not applicable where defendant's identity is not in issue *(see, People v Rodriguez,* 79 NY2d 445, 449; *People v Gissendanner,* 48 NY2d 543, 552).

Upon our review of the record, we conclude that the evidence sufficiently linked defendant to the premises and the contraband, and established his dominion and control over them *(see, People v Torres,* 68 NY2d 677). (Appeal from Judgment of Supreme Court, Erie County, Cosgrove, J.—Criminal Possession Controlled Substance, 7th Degree.) Present—Denman, P. J., Pine, Fallon, Callahan and Davis, JJ.