■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERMAN MYRICK, Appellant. [611 NYS2d 722] —Judgment unanimously reversed on the law and new trial granted. Memorandum: County Court's reasonable doubt instruction to the jury unconstitutionally diminished the People's burden of proof and deprived defendant of his Fifth Amendment right to a verdict based upon the requisite degree of proof (see, People v Walker, 198 AD2d 795; People v Sneed, 193 AD2d 1139, lv denied 82 NY2d 759; see also, Sullivan v Louisiana, 508 US —, 113 S Ct 2078).

We conclude, however, that dismissal of the indictment is not required. The evidence in this circumstantial evidence case (see, People v Francis, 79 NY2d 925) is sufficient to establish constructive possession by defendant of the cocaine, revolver, ammunition and other property seized from two safes inside the bedroom rented by defendant (see, People v Torres, 68 NY2d 677; People v Robertson, 48 NY2d 993; People v Fuller, 168 AD2d 972, lv denied 78 NY2d 922). The proof at trial established that defendant paid $100 to the occupant of the house as rental to "put some things in [her] house for a couple of days"; that the bedroom was empty except for some clothes inside a closet when defendant moved in; that defendant had one of the two keys for the door to the bedroom and that the other key was kept at the house of the landlady's

aunt; that, although people came to the house to see defendant, only he and his companion "Caviar" used the bedroom; and that a Western Union receipt bearing defendant's nickname "EZ" was found inside the room when it was searched. The evidence was sufficient to prove defendant's dominion and control of the bedroom. Constructive possession may be found "though a defendant may be absent from the apartment under his or her dominion and control, or others have use of it * * * Moreover, possession, even if joint, is still possession" *(People v Torres, supra,* at 679).

Defendant's remaining contention has not been preserved for our review *(see,* CPL 470.05 [2]), and we decline to reach it in the interest of justice *(see,* CPL 470.15 [6]). (Appeal from Judgment of Niagara County Court, Hannigan, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Green, J. P., Pine, Fallon, Callahan and Boehm, JJ.