■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER CLARKE, Appellant. [611 NYS2d 385] —Judgment unanimously affirmed. Memorandum: We reject defendant's contentions that the People failed to present sufficient evidence to corroborate the accomplice testimony *(see,* CPL 60.22; *People v Campbell,* 187 AD2d 945, *lv denied* 81 NY2d 786) and that the People failed to present evidence legally sufficient to support the verdict. We further conclude that the verdict is not contrary to the weight of evidence *(see, People v Bleakley,* 69 NY2d 490, 495).

Finally, there is no merit to the contention that the trial court erred in reinstating the last count of the indictment charging criminal possession of a controlled substance in the third degree. That count initially was dismissed at the conclusion of the fifth day of trial at the People's request based on the prosecutor's mistaken notion that the last count of the indictment was redundant. Before trial the next day, the prosecutor acknowledged that she was mistaken as to redundancy, and the trial court granted the prosecutor's application to reinstate that count. Contrary to defendant's contention, neither CPL 210.20 (1) nor CPL 290.10 precludes reinstatement of that count of the indictment under those circumstances. (Appeal from Judgment of Niagara County Court, DiFlorio, J.—Conspiracy, 2nd Degree.) Present—Green, J. P., Balio, Fallon, Callahan and Boehm, JJ.