■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN L. MAYE, Appellant. [616 NYS2d 205] —Judgment unanimously modified on the law and as modified affirmed and matter remitted to Niagara County Court for further proceedings in accordance with the following Memorandum: Evidence of the presence of drug paraphernalia in defendant's home was properly admitted to show dominion and control over the drugs *(see, People v Satiro,* 72 NY2d 821, 822). The proof, viewed in the light most favorable to the People, established defendant's joint and constructive possession of the cocaine *(see, People v Campbell,* 187 AD2d 945, *lv denied* 81 NY2d 786; *People v Fuller,* 168 AD2d 972, 973, *lv denied* 78 NY2d 922). Nevertheless, defendant's conviction of criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06 [5]) is not supported by legally sufficient evidence that defendant had the requisite knowledge of the weight of the controlled substance *(see, People v Ryan,* 82 NY2d 497; *People v Lawrence,* 204 AD2d 969). That conviction must be reduced to criminal possession of a controlled substance in the seventh degree, the sentence imposed thereon vacated, and the matter remitted to Niagara County Court for sentencing on that conviction.

Although the "search for the truth" remark by the prosecutor in his summation was improper, his summation on balance did not deny defendant due process of law or otherwise deprive defendant of a fair trial *(see, People v Galloway,* 54 NY2d 396, 401; *People v Ellis,* 188 AD2d 1043, 1044, *lv denied* 81 NY2d 970; *People v Hazlett,* 167 AD2d 867, 868, *lv denied* 77 NY2d 878). The court's instruction concerning the indictment was not improper *(see, People v Smith,* 113 AD2d 905, 909, *lv denied* 66 NY2d 922; *cf., People v LaDolce,* 196 AD2d 49, 54-55).

Defendant's remaining contentions are not preserved for review *(see,* CPL 470.05 [2]), and we decline to review them as a matter of discretion in the interest of justice *(see,* CPL 470.15 [6] [a]). (Appeal from Judgment of Niagara County Court, DiFlorio, J.—Criminal Possession Controlled Substance, 5th Degree.) Present—Pine, J. P., Lawton, Wesley, Doerr and Boehm, JJ.