■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MARK CADE, Respondent. [627 NYS2d 70] —Appeal by the People from an order of the Supreme Court, Queens County (Eng, J.), dated May 21, 1992, which granted the defendant's motion to set aside a jury verdict finding him guilty of criminal possession of a weapon in the second degree, and thereupon dismissed the indictment.

Ordered that the order is reversed, on the law, the defendant's motion is denied, the verdict is reinstated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it is legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The People established that the defendant constructively possessed a sawed-off shotgun based on evidence that it was found in the defendant's bedroom (see, People v Watson, 56 NY2d 632) and upon the defendant's admission to the Assistant District Attorney that he possessed it during the period charged in the indictment (see, People v Reisman, 29 NY2d 278, 285, cert denied 405 US 1041). That other people had access to the defendant's bedroom does not alter this conclusion (see, People v Torres, 68 NY2d 677; People v Tirado, 38 NY2d 955).

Therefore, the Supreme Court erred in setting aside the verdict for legal insufficiency of the trial evidence. Balletta, J. P., O'Brien, Altman and Krausman, JJ., concur.