THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN J. HAWKINS, Appellant. [752 NYS2d 497] —Appeal from a judgment of Ontario County Court (Doran, J.), entered May 16, 2001, convicting defendant after a jury trial of, inter alia, criminal possession of a controlled substance in the third degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of, inter alia, two counts of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1], [12]). We reject the contention of defendant that his conviction with respect to those counts is not supported by legally sufficient evidence. Although defendant moved to dismiss those counts of the indictment on that ground at the close of the People's case, he failed to renew his motion after presenting evidence and thus waived subsequent review of that issue (*see People v Hines,* 97 NY2d 56, 61, *rearg denied* 97 NY2d 678; *see also People v Kerner,* 299 AD2d 913).

Contrary to defendant's further contention, the verdict with respect to those counts of the indictment is not against the weight of the evidence (*see generally People v Bleakley,* 69 NY2d 490, 495). The People established that, upon executing a search warrant at defendant's residence, the police found defendant next to a metal box containing a dish with cocaine residue. The box also contained a scale, razor blades, a plastic screening device and a cutting agent known as inositol, items that the po-

lice testified are commonly used in the preparation of cocaine for distribution. Additionally, the officers located 38 bags of cocaine behind a loose brick in the alley wall next to defendant's residence, and the People presented evidence that the alley was accessible only from defendant's kitchen or from a parking lot in the rear of the residence. The entrance from the parking lot, however, was blocked by trash cans and trash bags, making access into the alley from any location other than defendant's kitchen "very difficult and therefore highly improbable" (*People v Powell*, 209 AD2d 879, 881, *lv denied* 84 NY2d 1037). Thus, the People established that defendant exercised "a sufficient level of control over the area in which the contraband [was] found" (*People v Manini*, 79 NY2d 561, 573). Although the evidence supports the theory that defendant's roommate may have also possessed the cocaine, "possession, even if joint, is still possession" (*People v Torres*, 68 NY2d 677, 679; *see People v Maye*, 206 AD2d 846; *People v Myrick*, 203 AD2d 902, 903). Present—Green, J.P., Pine, Hurlbutt, Burns and Gorski, JJ.