Appeal from a judgment of Erie County Court (Drury, J.), entered May 16, 2001, convicting defendant after a jury trial of, inter alia, murder in the second degree.
It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him following a jury trial of murder in the second degree (Penal Law § 125.25 [1]) and other crimes arising from the shooting of four people in Buffalo. We reject defendant’s contention that County Court’s Sandoval ruling constituted an abuse of discretion (see People v Hayes, 97 NY2d 203, 207-208 [2002]). In any event, even assuming, arguendo, that the court thereby abused its discretion, we conclude that the error is harmless (see People v Butler, 300 AD2d 1103 [2002], lv denied 99 NY2d 613 [2003]; People v Jacobs, 298 AD2d 954, 955 [2002], lv denied 99 NY2d 559 [2002]). The proof of guilt is overwhelming, and there is no significant probability that the jury would have acquitted defendant if not for the alleged error (see People v Ayala, 75 NY2d 422, 431 [1990], rearg denied; 76 NY2d 773 [1990]). Defendant’s further contention that the court erred in failing to give an appropriate limiting instruction with respect to the People’s cross-examination of defendant concerning three prior bad acts is not preserved for our review (see CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see 470.15 [6] [a]). We fur *884 ther conclude that the verdict is not against the weight of the evidence (see People v Bleakley, 69 NY2d 490, 495 [1987]) and that the sentence is not unduly harsh or severe.
Defendant contends in a pro se supplemental brief that the seizure of his photograph from his apartment by the police was illegal and that the court therefore erred in failing to suppress the identifications made from the photo array that included that photograph. Defendant abandoned his motion to suppress the evidence seized from his apartment, however, and thus his contention is not properly before us (see People v Di Lenola, 245 AD2d 1132 [1997]; People v Rowell, 163 AD2d 833, 834 [1990], lv denied 76 NY2d 896 [1990]). Present — Pigott, Jr., PJ., Green, Pine, Wisner and Gorski, JJ.