*218 OPINION OF THE COURT
Elisa S. Koendekman, J.
The defendant, Anthony Lebrón, is charged with one count of criminally using drug paraphernalia in the second degree (Penal Law § 220.50 [2]) and one count of criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03). The defendant has moved for dismissal for facial insufficiency, for disclosure of the search warrant and related documents, and for invalidation of the search warrant and suppression of the physical evidence seized pursuant thereto. The defendant’s motion is decided as follows.
Facial Sufficiency
In "order to be facially sufficient, an information must substantially conform to the requirements of CPL 100.15. Additionally, the factual portion and any accompanying depositions must provide reasonable cause to believe the defendant committed the offense charged, as well as nonhearsay factual allegations of an evidentiary character which, if true, establish every element of the offense charged and defendant’s commission thereof (CPL 100.15 [3]; 100.40 [1]; see People v Dumas, 68 NY2d 729 [1986]; see also People v Alejandro, 70 NY2d 133 [1987]).
The requirement of nonhearsay allegations has been described as a “much more demanding standard” than a showing of reasonable cause alone (People v Alejandro, 70 NY2d at 138, quoting 1968 Rep of Temp St Commn on Rev of Penal Law and Crim Code, Intro Comments, at xviii); however, it is nevertheless a much lower threshold than the burden of proof beyond a reasonable doubt (People v Henderson, 92 NY2d 677, 680 [1999]; People v Hyde, 302 AD2d 101 [1st Dept 2003]). Thus, “[t]he law does not require that the information contain the most precise words or phrases most clearly expressing the charge, only that the crime and the factual basis therefor be sufficiently alleged” (People v Sylla, 7 Misc 3d 8, 10 [2d Dept 2005]). Where the factual allegations contained in an information “give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading” (People v Casey, 95 NY2d 354, 360 [2000]; see also People v Konieczny, 2 NY3d 569 [2004]; People v Jacoby, 304 NY 33, 38-40 [1952]; People v Knapp, 152 Misc 368, 370 [1934], affd 242 App Div 811 [1934]; People v Allen, 92 *219 NY2d 378, 385 [1998]; People v Miles, 64 NY2d 731, 732-733 [1984]; People v Shea, 68 Misc 2d 271, 272 [1971]; People v Scott, 8 Misc 3d 428 [Crim Ct, NY County 2005]). Ultimately, “the court must consider whether both the alleged facts and the reasonable inferences to be drawn from those facts, viewed in the light most favorable to the People, would, if true, establish every element of the crime charged” (People v Barona, 19 Misc 3d 1122[A], 2008 NY Slip Op 50814[U], *2 [Crim Ct, NY County 2008]).
The instant complaint charges that on April 29, 2008, at approximately 8:00 p.m. inside of 219 East 97th Street in New York County, 18 ziplock bags containing crack cocaine residue were recovered from a bedroom in “the defendant’s apartment” and a crack pipe and a strainer containing crack cocaine residue were recovered from another bedroom in “the defendant’s apartment.” Additionally, three large ziplock bags containing numerous small pink ziplock bags, four large ziplock bags containing numerous small clear ziplock bags, a scale, a glass Pyrex measuring cup, and a white cup, all allegedly intended for use in the packaging and dispensing of narcotic drugs, were also recovered from “the defendant’s apartment.” Further, a ziplock bag of crack cocaine was recovered from “the defendant’s apartment.” Finally, a clear ziplock bag containing crack cocaine and a ziplock containing marihuana was recovered from the defendant’s “right shorts pants pocket.’”
Defendant claims that the complaint fails to establish his possession of the alleged crack cocaine and drug paraphernalia seized from the apartment by nonhearsay factual allegations. Specifically, he contends that the deponent police officer’s assertion that the apartment where these items were found was “the defendant’s apartment” is an uncorroborated hearsay allegation. Accordingly, he seeks dismissal of the complaint for facial insufficiency.
Under Penal Law § 220.50 (2),
“A person is guilty of criminally using drug paraphernalia in the second degree when he knowingly possesses . . .
“2. Gelatin capsules, glossine envelopes, vials, capsules, or any other material suitable for the packaging of individual quantities of narcotic drugs *220 or stimulants under circumstances evincing an intent to use, or . . . knowledge that some person intends to use [them] for the purpose of unlawfully-manufacturing, packaging or dispensing of any narcotic drug or stimulant.”
Under Penal Law § 220.03, “[a] person is guilty of criminal possession of a controlled substance in the seventh degree when he knowingly and unlawfully possesses a controlled substance.” Under Penal Law § 10.00 (8), to “possess” means to have physical possession of, or dominion and control over, tangible property. In this case the defendant is alleged to have constructively possessed the alleged crack cocaine and drug paraphernalia recovered from the apartment, and to have physically possessed the alleged crack cocaine recovered from his pants pocket.
In order to support a charge that the defendant was in constructive possession of tangible property, the People must show that the defendant exercised dominion and control over the property by demonstrating that he had a sufficient level of control over the area in which the contraband was found or over the person from whom it was seized (see People v Manini, 79 NY2d 561, 573 [1992]). Constructive possession is established where the defendant has been found in proximity to contraband recovered from premises under the defendant’s control (see People v Tirado, 47 AD2d 193 [1st Dept 1975]).
A defendant has been found to have control over premises which he provides as a home address to city agencies (People v Vasquez, 142 AD2d 698 [2d Dept 1988]); over premises where he is named as a tenant on the lease (People v Torres, 68 NY2d 677 [1986]); and over premises to which he possesses a key (see People v Torres, 68 NY2d 677 [1986]; People v Sandobar, 191 AD2d 375 [1st Dept 1993]; Matter of Dirhim A., 178 AD2d 339 [1st Dept 1991]; People v Armstrong, 160 AD2d 206 [1st Dept 1990]; People v Robertson, 61 AD2d 600 [1st Dept 1978]; People v Vasquez, 142 AD2d 698 [2d Dept 1988]).
Here, the defendant is accused of knowingly and unlawfully possessing a quantity of crack cocaine and purported drug paraphernalia which were allegedly recovered from “the defendant’s apartment.” Possession suffices to permit the inference that the possessor knows what he possesses, especially if it is in his hands, on his person, in his vehicle or on his premises (People v Reisman, 29 NY2d 278, 285 [1971]). Apart from the deponent officer’s assertion that the apartment was “the defendant’s,” however, there are no evidentiary facts alleged to support the *221 inference that the defendant owned or occupied the apartment. For example, there is no allegation that the officer observed the defendant’s name on a lease to the apartment, or that he observed mail addressed to the defendant at the apartment, or even that the defendant admitted to the officer that he lived in the apartment. Hence, the officer’s statement that the apartment was “the defendant’s” is completely conclusory (see People v Dumas, 68 NY2d 729, 730 [1986]; People v Rosado, 192 Misc 2d 184, 186 [Crim Ct, NY County 2002]). Without evidentiary facts to demonstrate that the defendant exercised dominion and control over the premises, the sole allegation that the items were recovered from “the defendant’s apartment” is insufficient to provide reasonable cause to believe that the defendant knowingly possessed the alleged crack cocaine and drug paraphernalia recovered from the apartment in this case. Indeed, although constructive possession may not be inferred from the defendant’s mere presence in premises where contraband is found (see People v Pearson, 75 NY2d 1001 [1990]), the defendant is not even alleged to have been present in the apartment at the time the items were seized.
Furthermore, the officer’s assertion that the apartment was “the defendant’s” is deficient because the officer cannot attest to the defendant’s ownership of the apartment as a matter of his personal knowledge (see People v Canty, 153 AD2d 640, 641 [2d Dept 1989]). No supporting deposition verifying the defendant’s ownership or occupancy of the apartment has ever been filed in this case. As such, this allegation is rank hearsay which remains uncorroborated.
In contrast, the allegation that one clear ziplock of crack cocaine was recovered from the “defendant’s right shorts pants pocket” does provide reasonable cause to believe that the defendant physically possessed a controlled substance. The fair import of this allegation, based upon common understanding and usage, is that the crack cocaine was seized from clothing which the defendant was wearing at the time. Moreover, since the crack cocaine was recovered from his person, it may be inferred that the defendant knowingly possessed it (see People v Reisman, 29 NY2d at 285).
Nevertheless, the laboratory analysis report filed and served by the People in this case fails to cure the hearsay allegation that the bag recovered from the defendant’s pants pocket contained crack cocaine. The laboratory analysis report demonstrates that one bag vouchered by the deponent police of *222 ficer in connection with the defendant’s arrest contained cocaine. The factual allegations in the complaint, however, refer to two bags of alleged crack cocaine which were seized in this case, one from the apartment, and the other from the defendant’s pants pocket. The laboratory report does not specify which bag was analyzed. Were it clear that the laboratory report pertains to the bag recovered from the defendant’s pants pocket, the criminal possession of a controlled substance count unquestionably would be converted to a facially sufficient information. To assume, however, that the laboratory report pertains to the bag recovered from the defendant’s pants pocket would be sheer speculation. Moreover, if the report in fact pertains to the bag recovered from the apartment, that is insufficient to convert the criminal possession of a controlled substance count to an information. Since there are no evidentiary facts which link the defendant to the apartment, the bag recovered from the apartment cannot be linked to the defendant or to the bag recovered from him. As a result, it is impossible to assume that because the bag recovered from the apartment contained cocaine, the bag recovered from the defendant also must have contained cocaine.
Accordingly, without evidentiary facts demonstrating the defendant’s dominion and control over the premises or corroboration of his ownership of the apartment, and without corroboration that the bag recovered from the defendant contained cocaine, the complaint is facially insufficient and consequently is dismissed. The defendant’s remaining points are moot.

 Originally, the complaint also charged the defendant with one count of unlawful possession of marihuana. This count was dismissed on application of the People on September 16, 2008.