The People of the State of New York, Respondent, v Peter Paragas, Appellant. [873 NYS2d 123]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Blumenfeld, J.), rendered June 24, 2003, convicting him of criminal possession of a controlled substance in the first degree, criminal sale of a controlled substance in the third degree, and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Katz, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statement to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, the search of his vehicle at police headquarters, which was conducted shortly after

his arrest, was proper since there was reason to believe that the vehicle might contain additional contraband (*see People v Blasich*, 73 NY2d 673 [1989]; *People v Milerson*, 51 NY2d 919 [1980]; *People v Myers*, 303 AD2d 139, 145 [2003]). The defendant's contention that his postarrest statement should have been suppressed is similarly without merit. His statement "[m]y girlfriend doesn't know I do this," was spontaneous and not the product of police interrogation (*see People v Stafford*, 39 AD3d 774, 776 [2007]; *People v James*, 278 AD2d 340, 341 [2000]). Therefore, the hearing court properly denied the defendant's motion to suppress both the drugs recovered from inside the vehicle he was driving and his postarrest statement.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Manini*, 79 NY2d 561, 573 [1992]; *People v Torres*, 68 NY2d 677, 679 [1986]; *People v Mallory*, 234 AD2d 913, 914 [1996]; *People v Stringos*, 198 AD2d 458, 458 [1993]; *see also People v Cade*, 215 AD2d 772, 773 [1995]). Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). The jury could reasonably find that the confidential informant's testimony was not rendered incredible due to his drug use or criminal history.

The defendant's contention that certain testimony of Sergeant McNulty and Detective Zee improperly bolstered the confidential informant's reliability is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Tevaha*, 84 NY2d 879, 880-881 [1994]; *People v Shankle*, 37 AD3d 742, 743 [2007]; *People v Cruz*, 31 AD3d 660, 661 [2006]), as is his contention that the prosecutor improperly vouched for the confidential informant's reliability during summation (*see* CPL 470.05 [2]; *People v Azaz*, 41 AD3d 610, 611 [2007]; *People v Benson*, 38 AD3d 563, 564 [2007]; *People v Lee*, 34 AD3d 696, 696-697 [2006]).

The defendant's remaining contentions are without merit. Spolzino, J.P., Covello, Angiolillo and Chambers, JJ., concur.