■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ARTHUR THOMAS, Respondent. [941 NYS2d 524]—

Appeal by the People from so much of an order of the Supreme Court, Suffolk County (Hinrichs, J.), dated March 10, 2011, as, after a hearing, granted that branch of the defendant's omnibus motion which was to suppress a weapon.

Ordered that the order is reversed insofar as appealed from, on the law, that branch of the defendant's omnibus motion which was to suppress a weapon is denied, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings on the indictment.

After a traffic stop, the defendant was arrested when he exclaimed that he was in possession of drugs and then handed the drugs to the arresting police officers. At the time of the ar-

rest, a crowd of over 20 people gathered at the scene. Before removing the defendant to the police station, the police officers locked the defendant's vehicle and left it at the location of the stop. The police officers returned less than one hour later to impound the vehicle, at which time they saw a weapon protruding from underneath the driver's seat. The Supreme Court granted that branch of the defendant's motion which was to suppress the weapon on the ground that the warrantless search of the vehicle approximately one hour after the defendant's arrest was improper.

The automobile exception, which permits the warrantless search of vehicles, "is equally applicable whether the search is conducted at the time and place where the automobile was stopped or whether, instead, the vehicle is impounded and searched after removal to the police station . . . . [W]here the search was reasonably close in time and place to the point of arrest . . . there was no requirement that the police further delay the search to obtain a warrant" (*People v Blasich*, 73 NY2d 673, 681 [1989] [citations omitted]; *see People v Paragas*, 58 AD3d 874 [2009]). Here, since the circumstances did not dissipate the justification for a warrantless search conducted upon probable cause pursuant to the automobile exception, the Supreme Court erred in suppressing the weapon found in the vehicle (*see People v Henderson*, 57 AD3d 562 [2008]; *People v Williams*, 173 AD2d 663 [1991]; *cf. People v Martin*, 141 AD2d 854 [1988]). Skelos, J.P., Belen, Lott and Miller, JJ., concur.