The People of the State of New York, Respondent, 
against
Miriam Acevedo, Appellant.



Appeal from a judgment of the Criminal Court of the City of New York, Kings County (Jacqueline D. Williams, J.), rendered October 12, 2011. The judgment convicted defendant, upon her plea of guilty, of disorderly conduct.




ORDERED that the judgment of conviction is affirmed.
On February 23, 2008, the People charged defendant and a codefendant, in a misdemeanor complaint, with criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [1]), alleging that a firearm had been recovered from the drawer of a dresser that defendant shared with the codefendant at a premises stated to be defendant's residence on defendant's driver's license. The charge was subsequently reduced to attempted criminal possession of a weapon in the fourth degree (Penal Law §§ 110.00, 265.01 [1]). On October 12, 2011, pursuant to a negotiated plea and sentencing agreement, defendant pleaded guilty to disorderly conduct (Penal Law § 240.20) in satisfaction of the accusatory instrument. Defendant appeals from the judgment of conviction, arguing that the accusatory instrument was facially insufficient in that the factual allegations, if true, did not establish that she possessed the firearm, and that, in any event, in the absence of proof that she had knowingly and intelligently waived her trial-related constitutional rights, the plea was infirm as a matter of law.
As defendant waived prosecution by information, the facial sufficiency of the accusatory instrument is measured by the criteria applicable to a misdemeanor complaint (see CPL 170.65 [1], [3]; People v Dumay, 23 NY3d 518, 523 [2014]; People v Lurk, 41 Misc 3d 144[A], 2013 NY Slip Op 52061[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]), which must "alleg[e] facts of an evidentiary character" (CPL 100.15 [3]) that establish reasonable cause to believe that the defendant committed the charged offense (see CPL 100.40 [4] [b]). The facts suffice if they "provide[] the defendant with sufficient notice of the charged crime to satisfy the demands of due process and double jeopardy" (Dumay, 23 NY3d at 524 [internal quotation marks omitted]). "Reasonable cause to believe that a person has committed an offense exists when evidence or information which appears reliable discloses facts or circumstances which are collectively of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that such offense was committed and that such person committed it" (CPL 70.10 [2]; e.g. People v Henry O., 47 Misc 3d 136[A], 2015 NY Slip Op 50502[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; People v Rucano, [*2]46 Misc 3d 142[A], 2015 NY Slip Op 50177[U], *1 [App Term, 2 Dept, 2d, 11th & 13th Jud Dists 2015]). All "reasonable inferences" that may be drawn from the facts are considered (People v Mercado, 68 NY2d 874, 877 [1986]), and, as with an information, the factual allegations of a misdemeanor complaint "should be given a fair and not overly restrictive or technical reading" (People v Casey, 95 NY2d 354, 360 [2000]; see People v Thompson, 43 Misc 3d 137[A], 2014 NY Slip Op 50708[U], *2 [App Term, 2 Dept, 2d, 11th & 13th Jud Dists 2014]; see also People v Davis, 13 NY3d 17, 31 [2009] ["reason( )" and "common sense" govern review of the sufficiency of pleadings]).
Constructive possession of an object or contraband found in an apartment may be established by proof that a person exercised dominion and control over the premises, by documents, assertions by the person that he or she resides there, or other evidence (see People v Torres, 68 NY2d 677, 678-679 [1986]; see also People v Tirado, 47 AD2d 193, 195-196 [1975], affd on op below 38 NY2d 935 [1976]; People v Skyles, 266 AD2d 321, 322 [1999]; People v McAllister, 11 Misc 3d 140[A], 2006 NY Slip Op 50643[U] [App Term, 1st Dept 2006]). Residence, and, by extension, possession of things found therein, may be evidenced by the address stated for a person on public records, such as here, on defendant's driver's license (see People v Arnold, 60 AD3d 960, 961 [2009]; People v Tarver, 292 AD2d 110, 113 [2002]; see also People v Vasquez, 142 AD2d 698, 700 [1988]). Defendant's absence from the premises when the weapon was seized and the fact that another was simultaneously charged with possessing the same weapon are of no moment (see Torres, 68 NY2d at 679 [circumstantial evidence sufficed to establish defendant's guilt of constructive possession of contraband found within an apartment notwithstanding that he was absent at the time and that others had "use of it" since "possession, even if joint, is still possession"]; see also People v Perry, 116 AD3d 1253, 1254 [2014]; People v Cade, 215 AD2d 772, 773 [1995]). We note that the issue is not whether the allegations in the complaint, if true, would sustain a conviction after trial or would even suffice to support an information.
Finally, while there were no explicit references in the plea colloquy to the constitutional rights waived by a guilty plea (see Boykin v Alabama, 395 US 238 [1969]), and the claim of error is preserved for appellate review (People v Conceicao, 26 NY3d 375, 384 [2015]; People v Peque, 22 NY3d 168, 182-183 [2013]; People v Louree, 8 NY3d 541, 545-546 [2007]) "because [defendant] was sentenced on the same date as the plea" (People v Rosa, 135 AD3d 434, 435 [2016]), we find that, on the totality of the circumstances presented, defendant's plea was validly rendered. Defendant was arraigned with counsel on February 24, 2008, and pleaded guilty (and was sentenced) on October 12, 2011, a date set for trial, affording her ample opportunity to consult with counsel with respect to the consequences of a guilty plea as it relates to her trial-related constitutional rights (see Conceicao, 26 NY3d at 383-384; People v Pellegrino, 26 NY3d 1063, 1064 [2015]; Rosa, 135 AD3d 434).
Accordingly, the judgment of conviction is affirmed. 
Pesce, P.J., Aliotta and Solomon, JJ., concur.
Decision Date: April 07, 2016