People v Torres

2026 NY Slip Op 26063

April 30, 2026

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,

v

Jose Torres, Defendant-Appellant.

Supreme Court, Appellate Term, First Department

Decided on April 30, 2026

570057/23

Present: Brigantti, J.P., Tisch, Alpert, JJ.

Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Jeffrey M. Zimmerman, J.), rendered December 12, 2022, convicting him, upon his plea of guilty, of disorderly conduct, and imposing sentence.

[*1]

Per Curiam.

Judgment of conviction (Jeffrey M. Zimmerman, J.), rendered December 12, 2022, affirmed.

Since defendant waived prosecution by information, the accusatory instrument is assessed under the reasonable cause requirement of a misdemeanor complaint (see People v Dumay, 23 NY3d 518, 522 [2014]). Reasonable cause "exists when evidence or information which appears reliable discloses facts or circumstances which are collectively of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that such offense was committed and that such person committed it" (CPL 70.10 [2]).

The misdemeanor complaint charged defendant with possession of an "unfinished frame or receiver" in violation of New York City Administrative Code § 10-314 (a), a law enacted to prevent the possession and sale of firearm components that are not serialized and can be easily converted into functioning weapons. The complaint recited that upon executing a search warrant of apartment MG at 1601 Metropolitan Avenue, Bronx County, a detective "observed defendant to have in his custody and control, on the floor under his bed" four finished and five "unfinished Polymer 80 lower receivers for pistols"; that in his bedroom, defendant had "several jigs used to guide the drilling out of unfinished lower receivers, loose drill bits, and numerous pieces of sand paper"; and that a wallet recovered in the bedroom contained defendant's driver's license bearing defendant's name and the address 1601 Metropolitan Avenue, apartment MG, Bronx County. The instrument further recited that defendant stated, "I order the parts to my dad's house. He taught me. I ordered 8 lowers to my house, and brought one from my dad. I completed one in my house."

These factual allegations satisfied the reasonable cause standard. The complaint stated the time, date and location of the events, and otherwise provided defendant with enough information of how he committed the crime to put him on notice of the crime and to prevent him from facing [*2]double jeopardy on the same charges (see People v Dumay, 23 NY3d at 524-526).

Nor in this particular case was the complaint deficient because the officer did not describe how he knew the items recovered constituted unfinished frames or receivers as defined in Administrative Code § 10-301(22) (see People v Aragon, 28 NY3d 125 [2016]; People v Sans, 26 NY3d 13 [2015]), because defendant himself identified the items "lowers" (see People v Kalin, 12 NY3d 225, 229 [2009]), a slight variation of colloquial terms "80% lowers" or "unfinished lowers" used to refer to unfinished frames or receivers (see e.g. New York v Arm or Ally, LLC, 718 F Supp 3d 310, 318 [SD NY 2024], app dismissed and remanded 2026 WL 537890, 2026 US App LEXIS 5713 [2nd Cir Feb. 26, 2026], 24-773(L), 24-1497[Con]; Brief for Amicus Curiae Queens County District Attorney's Office, Garland v VanDerStok, 144 S Ct 1390 [2024], available at 2024 WL 3354719, 2024 US S Ct Briefs LEXIS 2256).

Contrary to defendant's further contention, the factual allegations support an inference that he had constructive possession, i.e., "dominion and control" of the contraband found in his apartment "under his bed" (Penal Law § 10.00 [8]; see People v Torres, 68 NY2d 677, 678-679 [1986]; People v Cruz, 111 AD3d 453 [2013], lv denied 22 NY3d 1040 [2013]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

I concur I concur I concur

Decision Date: April 30, 2026