■ . THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DENISE SCOTT, Respondent.—Appeal by the People from so much of an order of the Supreme Court, Kings County, entered September 6, 1979, as, after inspection of the Grand Jury Minutes, granted that branch of defendant's omnibus

motion which sought dismissal of Counts Nos. 1 and 2 of the indictment on the ground that the evidence submitted to the Grand Jury was insufficient to establish the offenses charged. Order modified, as a matter of discretion in the interest of justice, by adding, after the words "Counts I and II only" in the first decretal paragraph thereof, the following: "without prejudice to the People's renewal of their application on proper papers for leave to resubmit those counts to another Grand Jury, including affidavits from persons with knowledge specifying the additional evidence intended to be offered before the Grand Jury." As so modified, order affirmed insofar as appealed from. Absent evidence that defendant was "in close proximity" to the cocaine or that defendant exercised dominion and control over the premises, the proof adduced at the Grand Jury did not sufficiently establish that defendant possessed the cocaine or drug paraphernalia (see CPL 190.65, subd 1; 210.20, subd 1, par [b]; Penal Law, § 10.00, subd 8; § 220.21, subd 1; § 220.25, subd 2; § 220.50, subd 2). Moreover, Criminal Term did not abuse its discretion in denying the People authorization to resubmit the counts to another Grand Jury in light of the fact that the application was based solely on unspecified representations by the prosecutor, who had no personal knowledge of the facts of the case concerning the additional evidence that the People would submit to the Grand Jury. (See CPL 210.20, subd 4.) However, under the circumstances of this case, the People should be afforded an opportunity to renew their application on proper papers for authorization to resubmit. Finally, we note that the presumption contained in subdivision 2 of section 220.25 of the Penal Law is unavailable to the People with respect to their proof of defendant's knowing possession of the drug paraphernalia. Gibbons, J. P., Gulotta, Margett and O'Connor, JJ., concur.