OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed and the indictment dismissed.
 

 Defendant was convicted, after a jury trial, of criminal possession of a controlled substance in the fourth degree (Penal Law § 220.09 [1]). The People argued at trial that the defendant constructively possessed 100 vials of crack cocaine that were found on the floor of a red Camaro. On appeal, the defendant argued that there was insufficient evidence that he exercised dominion and control over the area in which the drugs had been found
 
 (People v Sierra,
 
 45 NY2d 56, 60;
 
 cf, People v Torres,
 
 68 NY2d 677). The Appellate Division affirmed the conviction, with two Justices dissenting. We conclude that the evidence of constructive possession was legally insufficient and consequently reverse.
 

 On the day of the arrest, defendant attended an afternoon meeting with his parole officer in downtown Manhattan. As he left the meeting, he was followed by several other parole officers. He entered the parking lot adjoining the building and walked up to the passenger side of a red Camaro, in which a woman was seated. At this time, two parole officers detained the defendant and searched the trunk of the car. One of the officers opened the door on the driver’s side and found a package containing 100 vials of crack, wrapped in clear plastic, on the floor of the car.
 

 The evidence connecting the defendant to the cocaine was entirely circumstantial and as a result, the proof at trial was required to be inconsistent with the defendant’s innocence and to exclude to a moral certainty every other reasonable hypothesis
 
 (People v Giuliano,
 
 65 NY2d 766, 767-768;
 
 People v Benzinger,
 
 36 NY2d 29, 32). Even after viewing the evidence in the light most favorable to the prosecution
 
 (People v Contes,
 
 60 NY2d 620), we conclude that the People have not satisfied this requirement. Although the defendant’s parole officer testi
 
 *927
 
 fied she had seen the defendant drive the red Camaro a week before the arrest and had seen it parked in the same lot, no one saw the defendant drive the car on the day of his arrest or at any other time. He did not own the car and it had not been reported as stolen. Nor were the keys to the car or a parking lot claim ticket in his possession at the time of his arrest. Although he did have the car’s registration and insurance card, this is consistent with his having driven the car a week earlier and certainly does not compel the conclusion that he was driving the car on that day. In addition, none of his possessions were found in the car.
 

 Further, the defendant was away from the car, in a meeting with his parole officer, for some two hours prior to his arrest. Indeed, at the time of the arrest, a woman was seated in the car. Although the defendant walked directly to the passenger side of the car, we cannot infer from this alone that the defendant knew the woman seated in the car and that he jointly possessed the cocaine with her. In fact, the evidence presented at trial is fully consistent with a finding that the woman or someone else had placed the cocaine in the car without the knowledge or participation of the defendant.
 

 Chief Judge Wachtler and Judges Simons, Kaye, Titone, Hancock, Jr., and Bellacosa concur in memorandum; Judge Alexander taking no part.
 

 Order reversed, etc.