■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY HILL, Appellant.—Judgment reversed on the law and indictment dismissed. Memorandum: In the period January to May of 1988, officers of the Narcotics Unit of the New York State Police conducted an investigation into suspected drug trafficking at apartment #7 at the Sunset Court Apartments in Hamburg. That apartment was leased to codefendant Jessie Dunn. During the four month surveillance conducted by police, defendant was observed leaving the building in which apartment #7 was located on two occasions. On March 7, 1988, New York State Police Investigator Joseph Gramaglia observed defendant and Dunn leave the building, enter defendant's car and drive away. On the morning of May 12, 1988, when Gramaglia arrived to conduct his surveillance, the cars of defendant and Dunn were parked in the parking area in front of the building. At approximately 12:30 P.M. on that date, Gramaglia observed Dunn leave the building and drive away in his car. At approximately 2:15 P.M., he observed defendant leave the building. Thereafter, Gramaglia, United States Customs Service Canine Enforcement Officer Leon Senecal, and Senecal's dog Amber, which was certified and trained in the detection of illegal drugs, entered the building and proceeded to the hallway on the second floor where Dunn's apartment was located. Amber went to the door of Dunn's apartment and showed a "strong alert". The police thereafter obtained and executed a search warrant for Dunn's apartment, resulting in the seizure of cocaine, marihuana, drug paraphernalia and two handguns. Defendant was subsequently arrested and indicted, along with Dunn, for criminal possession of a controlled substance (cocaine) in the first degree (Penal Law §§ 20.00, 220.21 [1]), criminal use of drug paraphernalia in the second degree (Penal Law §§ 20.00, 220.50 [2]) and criminal possession of marihuana in the second degree (Penal Law §§ 20.00, 221.25). Following his joint trial with Dunn, defendant was found guilty of all counts.

On appeal, defendant contends that his convictions are not supported by legally sufficient evidence that he was in constructive possession of the drugs and drug paraphernalia seized from Dunn's apartment. We agree. The People failed to present legally sufficient evidence to connect defendant with Dunn's apartment in order to establish that he exercised dominion or control over the area in which the contraband was discovered. Gramaglia testified that he observed defen-

dant leave the apartment building only twice during the four month surveillance period. He specifically admitted, however, that he was unable to view the entrance door to Dunn's second floor apartment and that he never saw defendant enter or leave that apartment. Further, both the maintenance supervisor and the general manager of the Sunset Court Apartments testified at trial that they never previously had seen defendant. Finally, defendant had no key to Dunn's apartment and none of the mail seized upon execution of the search warrant was addressed to defendant at that location. The fact that defendant's fingerprint was found on a "sifter-grinder" located in a locked footlocker found in Dunn's apartment is insufficient to permit an inference that defendant was in constructive possession of the drugs and drug paraphernalia because there was no testimony with respect to when or how the "sifter-grinder" was placed in the footlocker or the footlocker was placed in Dunn's apartment. "We cannot infer from those facts that evidence of [his] constructive possession flowed naturally from the facts proved and excluded every reasonable hypothesis of innocence" (People v Betances, 145 AD2d 961, 962; see also, People v Dawkins, 136 AD2d 726, 727; cf., People v Torres, 68 NY2d 677).

All concur, except Boomer, J. P., and Pine, J., who dissent and vote to affirm in the following Memorandum.

Boomer, J. P., and Pine, J. (dissenting). We respectfully dissent because, in our view, the evidence was legally sufficient to support defendant's convictions. At trial, the proof established that defendant and codefendant Jessie Dunn were known associates and that defendant was twice seen exiting from the building in which Dunn rented an apartment. On March 7, 1988, defendant was in the company of Dunn. On May 12, 1988, defendant was seen leaving the building approximately two hours after Dunn had been seen leaving it. When the police executed the search warrant for Dunn's apartment on May 12, 1988, they found a dimly lit two-bedroom apartment furnished only with a kitchen table, a sleeping bag and a small space heater. Marihuana and drug paraphernalia were in open view in the kitchen and one of the bedrooms. Cocaine and marihuana were found in the refrigerator. A locked footlocker, found in a closet, contained additional cocaine, marihuana and drug paraphernalia, including a cocaine-coated sifter-grinder on which a fingerprint of defendant was found. The key to the footlocker was found in the apartment.

" ' "A person may be so closely interested in and connected

with the unlawful possession of narcotics by another as to furnish support for a finding that there was joint possession" ' " *(People v Robertson,* 61 AD2d 600, 608-609, *affd* 48 NY2d 993, quoting *People v Hood,* 150 Cal App 2d 197, 201, 309 P2d 856, 858). The proof here was sufficient to establish that defendant and Dunn jointly had constructive possession of the cocaine, marihuana and drug paraphernalia *(see, People v Robertson, supra; cf., People v Manini,* 79 NY2d 561). Even though none of the People's witnesses testified to having seen defendant enter or exit Dunn's apartment, the only reasonable inference that may be drawn from the proof at trial was that defendant had been there. Indeed, both at trial and on appeal, defendant has maintained that he did not have dominion and control over the contraband, but he has never controverted the inference that he had been in the apartment.

Accordingly, we would affirm defendant's convictions. (Appeal from Judgment of Erie County Court, D'Amico, J.—Criminal Possession Controlled Substance, 1st Degree.) Present— Boomer, J. P., Pine, Lawton, Boehm and Davis, JJ.