■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALPHONSO MEJIE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Linakis, J.), rendered April 9, 1990, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that his conviction for criminal sale of a controlled substance in the third degree must be reversed because the in-court identification of him as one of the sellers at the September 13, 1988, cocaine sale was utterly unreliable. Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of criminal sale of a controlled substance in the third degree beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant also contends that the People failed to prove that on September 29, 1988, he knowingly and unlawfully possessed cocaine with the intent to sell it. Viewing the evidence in the light most favorable to the People *(see, People v Contes, supra),* we find that it was legally sufficient to establish the defendant's guilt of criminal possession of a controlled substance in the third degree beyond a reasonable doubt. The People proved that the defendant was in constructive possession of the cocaine found in the apartment since the defendant lived in the apartment, had keys to the apartment, and had recently sold cocaine to an undercover officer from that apartment *(see, People v Torres,* 68 NY2d 677; *People v Pearson,* 75 NY2d 1001). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]). Thompson, J. P., Sullivan, O'Brien and Santucci, JJ., concur.