■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENDALL BROWN, Appellant.—Mercure, J. Appeal from a judgment of the County Court of Broome County (Monserrate, J.), rendered January 27, 1989, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the second degree and criminal possession of a controlled substance in the third degree.

On August 26, 1988, police officers obtained a warrant authorizing a search of apartment No. 23 on the second floor of a multiunit residential building at 38 Carroll Street in the City of Binghamton, Broome County, and the persons of defendant, Madeline Lopez and Danello Rojas. Access to the apartment building is gained from Carroll Street by passing through an unlocked door into a foyer containing tenant mailboxes and doorbells and from there through a locked security door into the common area of the building. At the time the police executed the warrant, defendant was in the process of exiting the security door. He was immediately arrested and a search of his person yielded 10 vials of cocaine held together with a rubber band in what is known as a "clip" and a key ring securing two keys. The police proceeded upstairs and broke down the door to apartment No. 23 to find Cesar Rojas, James Merritt, Malcolm Wooden and a small child. A search of the apartment and its occupants disclosed, among other things, a quantity of cocaine and cash. Defendant was subsequently indicted for (1) criminal possession of a controlled substance in the second degree, based at least in part upon defendant's constructive possession of the cocaine found in the apartment, and (2) criminal possession of a controlled substance in the third degree as a result of defendant's possession with intent to sell the cocaine found upon his person. Following trial, defendant was found guilty of both charges and sentenced to a term of imprisonment of 8⅓ years

* Penal Law former § 80.15 was amended (L 1990, ch 892, § 3, eff July 30, 1990) to exclude Vehicle and Traffic Law offenses.

to life on the first count of the indictment and 10 to 20 years on the second count, to be served concurrently. Defendant appeals.

Initially, we agree with defendant that the trial evidence was not legally sufficient to establish his constructive possession of the cocaine found in apartment No. 23, requiring dismissal of the first count of the indictment. We first note that there is no competent proof that either of the keys found on defendant's person could actually unlock the door to apartment No. 23. To the contrary, the People's witness merely testified that one of the keys "fit" the door to the apartment, and further prosecution testimony established that the lock was rendered inoperative at the time of the police officers' forcible entry into the apartment, thereby precluding an effective test of its operation. Second, the fact that the clip found in defendant's pocket looked the same as additional clips found in the apartment was of limited probative value in view of the prosecution witnesses' concession that clips commonly found in other drug arrests looked the same as the one possessed by defendant. Further, this similarity is no more probative of defendant's ownership of the clips found in apartment No. 23 than it is of a theory that defendant purchased his clip from one of the occupants of apartment No. 23 or one of their purchasers. Third, the uncontradicted prosecution testimony was that the apartment was rented by Lopez and Danello Rojas, whose personal effects and papers were found in the apartment, and there is no evidence that defendant ever resided or had any possessory interest in the apartment or even entered it. In fact, each of the occupants of the apartment was called as a prosecution witness and testified that defendant had not been present in the apartment during the hours immediately preceding the police raid.

We conclude that the evidence, viewed in a light most favorable to the People (see, People v Manini, 79 NY2d 561, 568-569; People v Contes, 60 NY2d 620, 621), established only that defendant possessed a key to the building's security door and that he was able to and did gain access to the common area inside it. In the absence of any competent evidence connecting defendant with apartment No. 23, the People have failed in their burden of establishing defendant's dominion and control over the area in which the contraband was seized (see, People v Manini, supra, at 573; People v Pearson, 75 NY2d 1001, 1002; People v Hill, 182 AD2d 1087, 1087-1088, lv denied 80 NY2d 895; cf., People v Torres, 68 NY2d 677; People v Mejie, 186 AD2d 155).

Finally, defendant's testimony that he purchased the clip found on his person for the purpose of sharing the cocaine with another male and two females provided sufficient evidence of his intent to "sell" the drug (see, Penal Law § 220.00 [1]; *People v Lam Lek Chong,* 45 NY2d 64, 72, *cert denied* 439 US 935), as alleged in the second count of the indictment.

Mikoll, J. P., Levine, Mahoney and Casey, JJ., concur. Ordered that the judgment is modified, on the law, by reversing so much thereof as convicted defendant of the crime of criminal possession of a controlled substance in the second degree; said count of the indictment dismissed; and, as so modified, affirmed.