■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD SWAIN, Appellant. [660 NYS2d 199] —Spain, J. Appeal from a judgment of the Supreme Court (Harris, J.), rendered November 18, 1993 in Albany County, upon a verdict convicting defendant of the crime of criminal possession of a controlled substance in the fifth degree.

Police raided an apartment in the City of Albany at which

---

defendant was present; they recovered, *inter alia,* a quantity of cocaine. Defendant was subsequently indicted for the crimes of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fifth degree. Following a jury trial, he was found guilty of criminal possession of a controlled substance in the fifth degree and was sentenced as a second felony offender to a prison term of 3½ to 7 years.

Defendant's sole contention on appeal is that his conviction should be overturned because it is not supported by legally sufficient evidence that he had constructive possession of the drugs seized. In assessing the legal sufficiency of the evidence, "the court must determine whether there is any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial" (*People v Bleakley,* 69 NY2d 490, 495; *see, People v David,* 234 AD2d 787, 790). In making this assessment, the evidence must be viewed in the light most favorable to the prosecution (*see, People v Manini,* 79 NY2d 561, 568-569; *People v Contes,* 60 NY2d 620, 621; *People v Johnson,* 209 AD2d 721, 722, *lv denied* 84 NY2d 1033). Based upon our review of the record, we find that the evidence was insufficient for the jury to conclude that defendant exercised dominion and control over the drugs seized from the apartment (*see, People v Edwards,* 206 AD2d 597, 598, *lv denied* 84 NY2d 907; *People v Brown,* 188 AD2d 930, 931; *People v Hill,* 182 AD2d 1087, 1087-1088, *lv denied* 80 NY2d 895; *cf., People v Thomas,* 205 AD2d 838, 839-840).

The detectives who participated in the raid testified that defendant was the only person in the apartment at the time they entered and that he was found fully clothed lying face down on the bed in the bedroom. They described the apartment as small and indicated that rooms were in close proximity to one another. They stated that no drugs were found in the bedroom or on defendant's person, but that crack cocaine was found on top of the television set and in a video game machine in the living room. In addition, the detectives stated that a search of the apartment did not reveal any personal property belonging to defendant, but that they did recover a utility company bill in another individual's name. Absolutely no evidence was presented to establish that defendant was an occupant of the apartment or that he regularly frequented it. Because "it is settled that one's mere presence in an apartment or house where contraband is found does not constitute sufficient basis for a finding of constructive possession" (*People v Edwards,*

*supra,* at 597; *see, People v Headley,* 74 NY2d 858, 859; *People v Scott,* 206 AD2d 392, 393-394; *People v Dawkins,* 136 AD2d 726, 727), we conclude that the conviction cannot stand upon the proof presented at trial. Accordingly, the judgment is reversed.

Mikoll, J. P., Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the judgment is reversed, on the law, and indictment dismissed.