OPINION OF THE COURT
Richard B. Meyer, J.
Application by the People for leave to resubmit to a grand *445 jury a charge which was previously dismissed for insufficient evidence (CPL 210.20 [4]).
The defendant was previously charged by indictment with the crime of criminal possession of marijuana in the second degree (Penal Law § 221.25), a class D felony, based upon a search of apartment B at 118 Bridge Street in the city of Plattsburgh, Clinton County, conducted on May 24, 2013. The indictment was dismissed by this court (see People v Hardy, 42 Misc 3d 211 [2013]), because the evidence before the grand jury was legally insufficient to support each and every element of the crime. Specifically, the evidence was insufficient to establish that the defendant knowingly possessed more than 16 ounces of a substance containing marijuana based upon “constructive possession” (see Penal Law § 10.00 [8]; People v Francis, 79 NY2d 925 [1992]; People v Manini, 79 NY2d 561, 573 [1992]; People v Pearson, 75 NY2d 1001 [1990]; People v Torres, 68 NY2d 677, 678-679 [1986]). No admissible evidence was presented to the grand jury establishing, inter alia, that the defendant was the lessee of the apartment, resided there, maintained any personal clothing or effects there, or that he was regularly observed coming and going from those premises.
The People now seek leave to resubmit the charge to another grand jury pursuant to CPL 210.20 (4). The court has considered the following papers on the motion: notice of motion and affirmation of Douglas G. Collyer, Esq., both dated November 18, 2013, in support of the motion; and affirmation of Dean C. Schneller, Esq., dated November 26, 2013 in opposition thereto.
“CPL 210.20, governing judicial dismissals, provides without qualification that where a court dismisses an indictment based on insufficiency of the evidence it ‘may, upon application of the people, in its discretion authorize the people to submit the charge or charges to the same or another grand jury’ (CPL 210.20 [4]).” (People v Morris, 93 NY2d 908, 910 [1999] [emphasis added].)
Permission to resubmit charges to a grand jury, previously dismissed for lack of legally sufficient evidence, is not granted merely for the asking; nor may a court exercise its discretion in granting such permission based upon a whim or speculation. The exercise of discretion by a court must have a basis in fact.
“Judicial discretion is a phrase of great latitude; but it never means the arbitrary will of the judge. . .. It is to be exercised, not to give effect to the will of the judge, but to that of the law.” *446 {Tripp v Cook, 26 Wend 143, 152 [1841] [internal quotation marks omitted].) Notably, for the exercise of judicial discretion to be justified “there must be a basis of fact or circumstance for its exercise.” (Matter of Superintendent of Banks of State of N.Y., 207 NY 11, 15 [1912].)
“A proper exercise of discretion results from principled and supported determinations as to what is just and equitable under the law and all of the relevant facts and circumstances of a case (see, Matter of Superintendent of Banks, 207 NY 11; Bernstein v Strammiello, supra; Newman, New York Appellate Practice § 4.05 [1]; see also Langnes v Green, 282 US 531; United States u National City Lines, supra).” (Hafkin v North Shore Univ. Hosp., 279 AD2d 86, 90 [2d Dept 2000].)
Thus, in the context of applications for leave to resubmit charges to a grand jury following dismissal for insufficient evidence, it has been held that “proper papers for leave to resubmit those counts to another Grand Jury, [include] affidavits from persons with knowledge specifying the additional evidence intended to be offered before the Grand Jury.” (People v Scott, 75 AD2d 858, 859 [2d Dept 1980].)
No information has been supplied in support of the motion relative to the additional evidence, if any, to be submitted to another grand jury if the application is granted. The papers in support merely recite that the defendant moved to dismiss the prior indictment, the People opposed dismissal, the indictment was dismissed with leave to apply for authorization to resubmit the charges, and that the People request such relief. Since no facts have been presented upon which this court can justifiably exercise its discretion to grant the People leave to resubmit the charge to a grand jury, the application must be and hereby is denied. The People are granted 10 days from the date of this decision and order to renew the application on proper papers and notice to the defendant. Should the People fail to so renew the application, the charge is dismissed with prejudice, the People shall be precluded from making application for authorization to resubmit that charge to another grand jury, the bail posted by or on behalf of the defendant is exonerated, and the securing order of this court dated October 22, 2013 is vacated.