People v Bond (2019 NY Slip Op 09181)





People v Bond


2019 NY Slip Op 09181


Decided on December 20, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.


1174 KA 15-00914

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DERRICK BOND, DEFENDANT-APPELLANT. 






FRANK J. NEBUSH, JR., PUBLIC DEFENDER, UTICA (PATRICK J. MARTHAGE OF COUNSEL), FOR DEFENDANT-APPELLANT.
SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered February 5, 2015. The judgment convicted defendant upon a jury verdict of criminal possession of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the seventh degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of, inter alia, criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), defendant contends that the evidence is legally insufficient to establish that he constructively possessed heroin that was recovered from the apartment where he was arrested. We reject that contention. Although "a defendant's mere presence in the area where drugs are discovered is insufficient to establish constructive possession" (People v Williams, 162 AD3d 1544, 1545 [4th Dept 2018]), we conclude that "the evidence in this case went beyond defendant's mere presence in the residence . . . and established' a particular set of circumstances from which a jury could infer possession" (People v Boyd, 145 AD3d 1481, 1482 [4th Dept 2016], lv denied 29 NY3d 947 [2017]; see People v Bundy, 90 NY2d 918, 920 [1997]). Police investigators, who surveilled the apartment building over a three-week period, saw defendant enter and exit the building approximately five times, thus establishing that he regularly frequented the location where the heroin was recovered (cf. People v Swain, 241 AD2d 695, 696 [3d Dept 1997]). In addition, the police officer who arrested defendant at the apartment "testified in detail about men's underwear and men's deodorant found in a dresser drawer, men's work boots piled near the dresser, and men's sweatshirts hanging over a couch," and photographic evidence corroborated that testimony (Williams, 162 AD3d at 1546). Defendant was the only man in the apartment at the time of the arrest and was the only one there capable of reaching the heroin, which was located on the top shelf of a high cabinet. Viewing the evidence in the light most favorable to the People, we conclude that there is a valid line of reasoning and permissible inferences that could lead a rational jury to conclude that defendant constructively possessed the heroin recovered from the apartment (see generally People v Danielson, 9 NY3d 342, 349 [2007]).
Furthermore, the sentence is not unduly harsh or severe.
Entered: December 20, 2019
Mark W. Bennett
Clerk of the Court