Judgment, Supreme Court, Bronx County (John W. Carter, J.), rendered June 29, 2010, convicting defendant, after a jury trial, of murder in the first degree and criminal possession of a weapon in the second degree, and sentencing him, as a second violent felony offender, to an aggregate term of life without parole, unanimously affirmed.
The court properly denied defendant’s motion to suppress statements made to law enforcement personnel. The record supports the hearing court’s finding that when defendant made his pre-Miranda statements, a reasonable innocent person in defendant’s position would not have thought he was in custody (see People v Yukl, 25 NY2d 585 [1969], cert denied 400 US 851 [1970]; see also Stansbury v California, 511 US 318 [1994]).
Defendant voluntarily went to the precinct at the request of a detective after the detective told him that he “needed” to make a formal statement. When viewed in context, this was clearly a request that defendant appear for an interview as a possible witness to a crime (see People v Dillhunt, 41 AD3d 216, 217 [2007], lv denied 10 NY3d 764 [2008]). Defendant came to the precinct unaccompanied by police, he was never restrained in any way, and neither the questioning nor the atmosphere was coercive.
Regardless of whether the detectives believed that defendant was a suspect in the crime, none of them did anything to suggest to him that his freedom of movement had been restricted. Although a detective mentioned to defendant that another suspect had provided some information connecting him with the crime, the detective did not convey that a decision had been made to arrest defendant, but rather “that the police were still in the process of gathering information about the alleged incident prior to taking any action” (id.).
Defendant’s later statements preceded by the administration of Miranda warnings, including his videotaped statement to the assistant district attorney, were also voluntarily made. Furthermore, the videotaped statement was attenuated from the preMiranda statements.
The court providently exercised its discretion in briefly informing the jury that a separately tried codefendant in this case, who did not testify at defendant’s trial, had been convicted of murder and was serving prison time. This was permissible as *467 a means of clarifying a reference in defense counsel’s opening statement to the possibility that the codefendant might be testifying for the prosecution (see generally People v Reid, 19 NY3d 382, 389 [2012]). This information was not unduly prejudicial, and any prejudice was minimized by the court’s instructions. Given these instructions, there is no reasonable possibility that the jury was influenced by the fact that another jury-had convicted another defendant. Concur — Tom, J.E, Andrias, DeGrasse and Richter, JJ.