■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AKWASIBA RADELLANT, Appellant. [963 NYS2d 215]—

Judgment, Supreme Court, New York County (Robert M. Stolz, J.), rendered March 3, 2010, convicting defendant, after a jury trial, of criminal possession of marijuana in the second degree, endangering the welfare of a child and unlawfully dealing with a child in the first degree, and sentencing her to an aggregate term of 45 days, concurrent with five years' probation, unanimously affirmed.

The court properly denied defendant's motion to suppress her statements. The record supports the court's finding that the questioning by the detective was not the product of custodial interrogation, and thus did not require *Miranda* warnings. A reasonable innocent person in defendant's position would not have thought that she was in custody (*see People v Yukl*, 25 NY2d 585 [1969], *cert denied* 400 US 851 [1970]). Defendant returned to her apartment of her own volition, unaccompanied by the police. In the apartment, she was free to walk around, and the police did not restrain her in any way or do anything to convey that she was not free to leave; additionally, neither the questioning nor the atmosphere was coercive with regard to defendant (*see e.g. People v Miller*, 100 AD3d 466 [1st Dept 2012]; *People v Dillhunt*, 41 AD3d 216, 217 [1st Dept 2007], *lv denied*

10 NY3d 764 [2008]). The police activity at the apartment was likely to have conveyed the impression that an investigation was in progress, but there was no indication that the police had decided to arrest anyone but the codefendant, who was hand-cuffed. Defendant's claim of inadequate CPL 710.30 (1) (a) notice is waived, and is without merit in any event.

The court also properly denied defendant's motion to suppress physical evidence recovered from her person after she made an incriminating statement and was placed under arrest. The information in the possession of the police concerning defendant's constructive possession of the marijuana found in the apartment was substantially the same as the evidence presented in the People's case at trial. As discussed below, that evidence established her guilt beyond a reasonable doubt, and her assertion that this evidence did not even establish probable cause is without merit.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations, including its resolution of a conflict between a detective's testimony and that of defendant concerning the content of defendant's statement. The evidence warrants the conclusion that defendant exercised dominion and control over the contraband while acting in concert with the codefendant (*see* Penal Law § 10.00 [8]; *People v Manini*, 79 NY2d 561, 573 [1992]; *People v Torres*, 68 NY2d 677 [1986]). Defendant leased the apartment where the marijuana was found, and used it to operate a day care facility. Moreover, defendant made a statement to the police that had no reasonable interpretation except that she was doing the codefendant a "favor" by letting him store contraband in her apartment. As in *People v Mojica* (81 AD3d 506, 506 [1st Dept 2011], *lv denied* 17 NY3d 808 [2011]), "[t]he jury could have readily rejected any suggestion that the codefendant somehow sneaked the contraband into the apartment without defendant's knowledge." Finally, we have considered and rejected defendant's challenges to her convictions on the two misdemeanor counts.

Defendant did not preserve any of her challenges to the prosecutor's summation. To the extent defendant objected during the summation, none of her objections had any preservation effect because she made general objections and failed to request further relief when the court sustained the objections. We decline to review her claims in the interest of justice. As an alternative holding, we find no basis for reversal (*see People v Overlee*, 236 AD2d 133 [1st Dept 1997], *lv denied* 91 NY2d 976

[1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1st Dept 1992], *lv denied* 81 NY2d 884 [1993]). Concur—Mazzarelli, J.P., DeGrasse, Abdus-Salaam, Manzanet-Daniels and Clark, JJ.