No. 20-2964
*Miller v. Superintendent of the Shawangunk Correctional Facility*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of May, two thousand twenty-two.

PRESENT:
      REENA RAGGI,
      RICHARD C. WESLEY,
      SUSAN L. CARNEY,
            *Circuit Judges.*
_____

DEVON MILLER,

      *Petitioner-Appellant,*

        v.                                      No. 20-2964

SUPERINTENDENT OF THE SHAWANGUNK
CORRECTIONAL FACILITY,

      *Respondent-Appellee.*
_____

FOR APPELLANT:               DANIEL M. PEREZ, Law Offices of Daniel M. Perez, Newton, NJ.

FOR APPELLEE:              LORI ANN FARRINGTON (Nancy D. Killian, Cynthia A. Carlson, *on the brief*), *for* Darcel D. Clark, Bronx County District Attorney, Bronx, NY.

Appeal from the United States District Court for the Southern District of New York (Abrams, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on July 31, 2020, is **AFFIRMED**.

Petitioner-Appellant Devon Miller, who is serving a term of life imprisonment without parole as a result of his 2010 New York State conviction on one count of murder in the first degree, *see* NYPL §§ 125.27(1)(a)(vi), (b), and one count of criminal possession of a weapon in the second degree, *see id.* § 265.03(1)(b), appeals from the denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. Specifically, Miller contends that the district court erred in holding that the state court's failure to suppress statements he made at a police station was not an objectively unreasonable application of clearly established federal law.[1] *See Miller v. Superintendent of Shawangunk Corr. Facility*, No. 18-CV-1762 (RA), 2020 WL 4432096, at *8–11 (S.D.N.Y. July 31, 2020). We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

While we review *de novo* a district court's denial of a petition for a writ of habeas corpus under 28 U.S.C. § 2254, we review the challenged underlying state court denial of suppression relief only for an objectively unreasonable application of clearly established federal law, as determined by the Supreme Court. *Lynch v. Dolce*, 789 F.3d 303, 310–11 (2d Cir. 2015). This "highly deferential standard . . . demands that state-court decisions be given

---

[1] In three written statements made without *Miranda* warnings over the course of some 11 hours at a police precinct, Miller did not admit to any involvement in the murder that was under investigation. After receiving his first *Miranda* warning and voluntarily waiving his rights, Miller made two more written statements, in the last of which he admitted to shooting the victim. Two hours later, and after a second advisement and waiver of *Miranda* rights, Miller provided a videotaped statement confessing to the killing. The state trial court denied Miller's motion to suppress all six statements. The First Department affirmed, concluding that the statements were properly admitted because Miller was not in custody before the first *Miranda* warning, and the post-warning statements were voluntarily made and were attenuated from the pre-warning statements. *See People v. Miller*, 953 N.Y.S.2d 585, 586–87 (1st Dep't 2012).

2

the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal quotation marks and citation omitted). Thus, federal courts will grant § 2254 relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). On such review, we affirm for substantially the reasons stated by the district court in its well-reasoned opinion. *See Miller*, 2020 WL 4432096.

Miller first argues that he was effectively in custody from the moment he was told he "needed" to go to the precinct to provide a formal statement. Appellant's Br. at 44. Although "[a]ny police interview of an individual suspected of a crime has coercive aspects to it," the Supreme Court has long held that "[o]nly those interrogations that occur while a suspect is in police custody" receive protection under *Miranda v. Arizona*, 384 U.S. 436 (1966). *J.D.B. v. North Carolina*, 564 U.S. 261, 268 (2011) (internal quotation marks omitted). To determine whether the person giving a statement was in custody, a court properly looks "at all the circumstances surrounding the interrogation." *Tankleff v. Senkowski*, 135 F.3d 235, 243 (2d Cir. 1998). A person is in custody for *Miranda* purposes "if a reasonable person in that position would 'have felt he or she was not at liberty to terminate the interrogation and leave.'" *Id.* (quoting *Thompson v. Keohane*, 516 U.S. 99, 112 (1995)).

We agree with the district court that it was not objectively unreasonable for the state court to conclude that Miller was not in custody before he received a *Miranda* warning. Even if some record facts could weigh in favor of a custody finding, particularly the length of time that Miller was at the police station, other factors support the state court's contrary finding. For example, Miller came to the station on his own and was not restrained, searched, or patted down after his arrival. The questioning took place in large, open squad offices, not in interrogation rooms. Miller does not claim to have ever asked to leave the precinct or to have been told that he could not leave. The state trial court credited the interrogating detectives' testimony at the suppression hearing that they did not consider Miller a suspect until after he made the admission that prompted the first *Miranda* warning. In light of the deference that we owe to state court decisions in habeas proceedings and Miller's failure to identify any Supreme Court precedent clearly contradicting the state court's finding, we

3

cannot conclude on this record that the state court clearly erred in finding that Miller was not in custody when he made statements before receiving a *Miranda* warning.

This conclusion necessarily defeats Miller's second argument, which claims that the police conducted an impermissible "two-step interrogation." *Missouri v. Seibert*, 542 U.S. 600, 622 (2004) (Kennedy, *J.*, concurring); *United States v. Williams*, 681 F.3d 35, 41 (2d Cir. 2012). As we have explained, when initial statements are not obtained in violation of *Miranda*, "there is no need to go further." *United States v. Moore*, 670 F.3d 222, 229 (2d Cir. 2012).

We have considered all of Miller's remaining arguments and find in them no basis for reversal. For the reasons set forth above, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court